972 F.2d 339
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
EMPLOYERS REINSURANCE CORPORATION, Plaintiff-Appellant,
v.
Jerry MARSH, Defendant-Appellee.
 No. 92-1058.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 6, 1992
Decided: August 12, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Florence.
 Charles R. Norris, NELSON, MULLINS, RILEY & SCARBOROUGH, for Appellant.
 William Reynolds Williams, WILLCOX, MCLEOD, BUYCK, BAKER & WILLIAMS, for Appellee.
 D.S.C.
 REVERSED AND REMANDED.
 Before ERVIN, Chief Judge, and PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 The appellant, Employers Reinsurance Corporation, filed the original diversity action in federal district court against appellee, Jerry Marsh, seeking declaratory judgment that it was not liable for payments on a liability insurance policy issued by it to appellee. Appellant contended that an exclusion in the policy justified the alleged limitation on liability.
 
 
 2
 The case was tried in front of a jury in federal district court on October 30 and 31, 1991. At the conclusion of the evidence, the appellant made a motion for directed verdict on the grounds that the exclusionary language in the policy was unambiguous and clearly applied to the circumstances involved as a matter of law. The district judge denied the motion, and submitted the question to the jury. The jury returned a verdict in favor of the appellee. The appellant then renewed its motion for a directed verdict, and, in the alternative, sought a new trial. The district court denied the motions on December 11, 1991. The appellant filed a timely notice of appeal.
 
 
 3
 The case obviously turns, in the first instance, on whether the exclusion language was ambiguous. If it was not, the question becomes did the policy's language, as a matter of law, favor the appellant or the appellee? World-Wide Rights Ltd. v. Comber, Inc., 955 F.2d 242 (4th Cir. 1992).
 
 
 4
 The appellee is an insurance agent who was insured by the appellant insurance company. The policy, number LEO-72290, obliged the appellant to pay the appellee for losses incurred"by reason of liability imposed by law for damages caused by any negligent act, error, or omission ...." of the insured party.
 
 
 5
 In 1989, the appellee sold an employee group health insurance policy provided by the National Business Association Trust ("NBAT") to Rainwater Oil and Gas Company. Rainwater's coverage began on January 1, 1989. By February 1990, the appellee had begun to receive complaints from Rainwater concerning failures to pay medical bills on the part of NBAT. The situation deteriorated to the extent that the appellee changed Rainwater's insurance coverage from NBAT to another company. NBAT was subsequently ruled to be insolvent by the state of Kentucky.
 
 
 6
 Rainwater never directly sought damages from the appellee concerning the activities of NBAT, but the South Carolina Department of Insurance ("SCDI") questioned the appellee regarding his choice of NBAT for Rainwater's coverage. At the time of the initial investigation, the appellee failed to ask the appellant for legal assistance in responding to the questioning. On December 14, 1990, the appellee and the SCDI entered into a consent agreement pursuant to which the appellee would pay all outstanding claims left unpaid by NBAT, totalling $90,000. It is the out of pocket payment of that amount made by the appellee that formed the basis for his claim of coverage under his policy with the appellant.
 
 
 7
 The SCDI characterized the claim as arising out of appellee's solicitation and binding of insurance coverage with NBAT, a company that was neither licensed nor authorized to transact business in South Carolina. The SCDI concluded that appellee was personally liable for payment "without regard [to] the solvency of the unauthorized insurer." An official of the SCDI testified that the action against the appellee would have been instituted regardless of NBAT's insolvency status.
 
 
 8
 The appellant contended that it was not liable to the appellee for the debt incurred because of an express exclusion clause provided in the policy:
 
 
 9
 The policy does not apply to ... claims arising out of or in connection with the financial inability to pay, insolvency, receivership, bankruptcy or liquidation of any insurance company, any reinsurer, any pool, syndicate, association or other combination formed for the purpose of providing insurance coverage.
 
 
 10
 In response to the appellant's motion for summary judgment, indicating its belief that the question of coverage under the policy was a question of law not subject to jury determination, the district judge concluded that:
 
 
 11
 I can't grant a directed verdict to either party, because it seems to me that the jury could conclude that this loss arose out of the insolvency of the insurance company, or they could, likewise, say that it arose out of the fact that the insurance company was not licensed to do business in the state. That's what an ambiguity is all about, it has a double meaning, and when it has a double meaning, it seems to me its clear that the law says that the jury has to decide what the parties truly intended.
 
 
 12
 The basis of the appellant's appeal is its argument that the district court erred in concluding that the relevant exclusion language was ambiguous.
 
 
 13
 Had NBAT remained solvent, the SCDI could, because of its unlicensed South Carolina status, still have proceeded against the appellee, yet still could have required NBAT to meet its employee group health obligations. A solvent NBAT could have met such obligations. The claim of SCDI against the appellee for using an unlicensed company to provide insurance coverage could not have exceeded $500.00. However, SCDI has not sought the $500.00 maximum recovery for using an unlicensed insurance company; rather, SCDI has limited its recovery to the $90,000 of unpaid insurance claims left by the insolvent NBAT.
 
 
 14
 In those circumstances, as a matter of law, the unpaid insurance claims "arose out of or in connection with the ... insolvency ... of [an] insurance company." McPherson v. Michigan Mutual Ins. Co., 412 S.E.2d 445, 448 (S.C. App. 1991). Accordingly, the judgment for the appellee should be reversed and remanded so that a directed verdict in favor of the appellant may be entered. We are not confronted with, and express no opinion as to, the possible liability of the appellant to meet a claim by the appellee for any sum, up to $500.00, assessed against him for utilizing an insurer unlicensed in South Carolina.
 
 JUDGMENT REVERSED AND REMANDED